IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                         CASE NOS.  3:20CR00033-002 LPR
                                      4:21CR00335-002 LPR

RAYMOND CRAIG                                                                     DEFENDANT

## DEFENDANT CRAIG'S ARGUMENT FOR CONCURRENT GUIDELINE SENTENCES

Comes now Defendant, Raymond Craig, by and through his attorney, James W. Wyatt, and for his Argument for Concurrent Guideline Sentences states:

1. On December 20, 2021, Defendant pled guilty to Count Two under Docket Number 3:20CR00033, and the Indictment under Docket Number 4:21CR00335.

2. Docket Number 3:20CR00033 involves a robbery of a CVS store in Jonesboro, Arkansas on June 21, 2018.  Docket Number 4:21CR00335 involves the robbery of a CC Food Mart in Greenville, Illinois; and the robbery of a Burger King in Effingham, Illinois.  These robberies also took place on June 21, 2018.

3. On November 25, 2019, Defendant was convicted in the United States District Court for the Western District of Missouri for the robbery of a Walgreens in Jefferson City, Missouri, which took place on July 25, 2018.  Defendant was convicted on two counts, and sentenced to 51 months in the BOP and 84 months in the BOP, consecutive.  Defendant is still serving that sentence at this time.

4. Title 18, United States Code, Section 3584 states that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the

terms may run concurrently or consecutively . . ." *18 U.S.C. 3584(a)*. In determining whether to impose a sentence concurrently or consecutively to an undischarged term, the court must consider the well-known factors set out in 18 U.S.C. §3553(a). *18 U.S.C. 3584(b)*.

5. Section 5G1.3(b) states that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows . . . the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." *U.S.S.G. §5G1.3(b)(2)*. A defendant is accountable for all acts of himself and others when the jointly undertaken activity was 1) within the scope of the jointly undertaken activity; 2) in furtherance of that criminal activity; and 3) reasonably foreseeable. See *U.S.S.G. §1B1.3(a)(1)*. These acts must have "occurred during the commission of the offense of conviction, in preparation for that offense or in the course of attempting to avoid detection or responsibility for that offense. *Id*.

6. If the relevant conduct provisions do not apply, U.S.S.G. §5G1.3 still authorizes the Court to impose a sentence concurrent to an undischarged term of imprisonment. Subsection (d) of the Guideline is a Policy Statement. It reads, "In any other case involving an undischarged term or imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *U.S.S.G. §5G1.3(d)*. The court should consider five factors:  1) the factors in 18 U.S.C. §3553(a); 2) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence; 3) the time served on the undischarged sentence and the time likely to be served before release; 4) the fact the prior undischarged sentence may have been imposed in state court rather than federal court; and 5) any

other circumstance relevant to the determination of an appropriate sentence for the instant offense.  *U.S.S.G. §5G1.3, n.4*.

7.  The government alleges that "The defendant participated and conspired with co-defendants in an orchestrated criminal enterprise, driving from Indianapolis, Indiana, to commit multiple armed robberies in multiple states."  As previously stated, the offenses involved in these cases took place on June 21, 2018.  The offense for which Defendant is currently serving a BOP sentence took place on July 25, 2018.  These offenses were just one month apart.  Additionally, there was a common scheme involved in all of the offenses.  In the Jefferson City, Missouri case, a Wallgreens store was robbed.  The participants wore masks, one of the participants pulled a gun and the clerk's hands were zip tied.  In the Jonesboro, Arkansas case, a CVS store was robbed.  The participants wore hoodies, one of the participants pulled a gun and the clerk's hands were zip tied.  In the Greenville, Illinois case, a Food Mart was robbed.  One of the participants wore a hoodie and pulled a gun on the clerk.

8.  It is clear that the acts for the which the Defendant has previously been convicted, and is currently serving time in the BOP, is relevant conduct to the instant offenses, and Defendant should therefore be sentenced to concurrent time to that undischarged sentence.

9.  Defendant has a total offense level of 24 (assuming he is awarded the third point) and a criminal history category of II.  This results in a guideline imprisonment range of 57-71 months imprisonment.  Defendant is already serving an undischarged prison sentence of 135 months, which he only started serving November 25, 2019.  Since the instant offense took place one month before the offense of which Defendant is serving an undischarged sentence, the court in Missouri would have had that information at the time it sentenced Defendant.

10. Since these two cases are part of a common, continuous course of action, the Court should sentence Defendant to a guideline range in each case, concurrent to each other. While these offense are serious in nature, the Sentencing Guidelines takes this type of activity into account in recommending a sentencing range. However, if the Court were to sentence Defendant to consecutive sentences in the two instant cases, it would still be a guideline sentence of no more than 142 months. Whether concurrent or consecutive sentences are imposed in these cases, they should be concurrent to the undischarged sentence that Defendant is currently serving.

WHEREFORE, Defendant Raymond Craig prays this Honorable Court sentence him to a guideline range sentence in the current case, concurrent to each other, and concurrent to the undischarged sentence out of the Western District of Missouri; or in the alternative, a guideline sentence, consecutive to each other, but concurrent to the undischarged sentence out of the Western District of Missouri; and for all other relief to which he may be entitled.

Respectfully submitted,

James W. Wyatt
Arkansas Bar No. 93095
Attorney for Defendant Craig
Montgomery Wyatt Hardy, PLC
308 East 8th Street
Little Rock, AR  72202
(501) 371-9816
jim@mwhlaw.net

CERTIFICATE OF SERVICE

    I hereby certify that on April 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Bart Dickinson
Assistant U.S. Attorney
P. O. Box 1229
Little Rock, AR 72203-1229

                                                                               James W. Wyatt
                                                                               Arkansas Bar No. 93095
                                                                               Attorney for Defendant Craig
                                                                               Montgomery Wyatt Hardy, PLC
                                                                               308 East 8th Street
                                                                               Little Rock, AR 72202
                                                                               (501) 371-9816
                                                                               jim@mwhlaw.net